WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR 05-1128-1 PHX SMM |
| | ) | |
| Michael Woodall, | ) | O R D E R |
| | ) | |
| Defendant. | ) | |

Defendant filed a Motion to Modify Release Conditions.  In the Motion, defendant asks the Court to release him to his mother's third party custody.  At the hearing, the Magistrate Judge indicated that his mother was not an acceptable third party custodian as she does not appear to be able to control the defendant.  The Court had the opportunity to observe defendant's mother at the initial detention hearing and the hearing of February 1, 2006 on the Motion to Modify Release Conditions.

The Court indicated that the second proposed third party custodian, Mr. Johnson, would be interviewed by Pretrial Services and considered by the Court.  The Court has now received Pretrial Services report on the interview of Mr. Michael Johnson, a family friend.  The Pretrial Services office does not view Mr. Michael Johnson as an appropriate third party custodian and continues to recommend detention.

For all the reasons stated in the original Order detaining

1   Michael Woodall, and the reasons stated in Court on February 1,
2   2006, the Court continues to believe that detention is necessary.
3   The Court finds there are no conditions of release that would
4   reasonably assure the defendant's appearance and the safety of the
5   community.  This is a presumption case involving a young man who
6   has a history of violence (weapons offense) and who is still on
7   probation for that offense.  He was found in possession of
8   hundreds of pictures involving child pornography, some of which
9   involved sadistic acts on very young children.  As pointed out
10  originally, defendant suffers from mental illness and refuses to
11  take his medications.  He has anger control problems as
12  demonstrated at the execution of the search warrant.  He ran from
13  law enforcement on a weapons offense.  The defendant is facing a
14  5-year minimum mandatory sentence and a maximum of 20 years.  The
15  evidence in this case is strong as defendant made several
16  incriminating statements which are detailed in the Government's
17  response to the Motion to Modify Release Conditions.

18  Defense counsel's stated concern regarding interviewing and
19  testing with a mental health expert can be overcome by having the
20  defendant transported to the psychiatrist or to the courthouse for
21  meetings with the psychiatrist.  Defendant's leukemia has been in
22  remission since the age of 13.  His complaints that he does not
23  feel well while incarcerated are understandable but do not appear
24  to be life threatening.  In short, the concerns set forth in the
25  Motion to Modify Release Conditions can be dealt with and
26  defendant must remain in custody.

27  **IT IS THEREFORE ORDERED** denying defendant's Motion to Modify
28

2

Release Conditions.   (Doc. 12).

DATED this 2nd day of February, 2006.



_Virginia A. Mathis_

Virginia A. Mathis
United States Magistrate Judge

3